**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Keith C. McCOOL and Sherman Smith,
Defendants-Appellants.**

**No. 84–5090.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 1984.

Decided Jan. 15, 1985.

but simply to insure that it will not be repeated again. Appellants argue there is a defense to the criminal prosecution afforded by a civil statute, which provides, in essence, that a suit against the Government is the exclusive remedy for owners who claim their copyrighted work is infringed either by the Government or by one acting for the Government, such as a contractor. 28 U.S.C. § 1498(b) (1982). The purpose of 28 U.S.C. § 1498(b) is to free the Government from obstructions raised by its own involvement or involvement of its contractors in private litigation. *Windsurfing International, Inc. v. Ostermann*, 534 F.Supp. 581, 587 (S.D.N.Y.1982); *Evans v. McDonnell Aircraft Corp.*, 270 F.Supp. 778 (D.C.Mo.1967), *rev'd on other grounds*, 395 F.2d 359 (8th Cir.1968). The statute cannot be construed to afford a defense to one who faces a criminal prosecution for willful infringement in violation of 17 U.S.C. §§ 506(a) and (b) and 18 U.S.C. § 2319(b)(1)(B). The statute applies by its terms to copyright owners and has no application in a criminal proceeding.

Each of the other arguments made by appellants are likewise devoid of any merit. The convictions on all counts are AFFIRMED.

Carol A. Chase, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Gerald M. Singer, Encino, Cal., for defendants-appellants.

Before CHAMBERS, KENNEDY and PREGERSON, Circuit Judges.

PER CURIAM:

Appellants were convicted of one count of copyright infringement in violation of 17 U.S.C. §§ 506(a) and (b) and 18 U.S.C. § 2319(b)(1)(B), and eight counts of mail fraud in violation of 18 U.S.C. § 1341. The copyright violation arose when appellants distributed videotaped copies of twenty-one copyrighted motion pictures, without authorization from the copyright owner, to various military clubs at bases overseas. The mail fraud counts arose from misrepresentations in the same scheme.

We publish this opinion not because the appellants' principal argument has merit,