**PEOPLE of the Territory of Guam, Plaintiff–Appellee,**

v.

**Joseph B. CRUZ, Defendant–Appellant.**

**No. 94–10287.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 1995.

Memorandum July 24, 1995.

Order and Opinion Oct. 2, 1995.

James M. Maher, Maher & Thompson, Agana, Guam, for the defendant-appellant.

J. Andrew Artero–Boname, Assistant Attorney General, Agana, Guam, for the plaintiff-appellee.

Before: HUG, ALARCON, and TROTT, Circuit Judges.

TROTT, Circuit Judge.

## ORDER

The memorandum disposition filed July 24, 1995, as amended is redesignated as an authored opinion by Judge Trott.

## OPINION

The sole issue raised by Joseph B. Cruz ("Cruz") is whether the evidence is sufficient to support his various convictions in the Superior Court of Guam for crimes arising from

a scheme to steal land belonging to the Territory of Guam. We have jurisdiction over this timely appeal pursuant to 48 U.S.C. § 1424–3(c), and we affirm the Appellate Division's decision.

## I

## BACKGROUND

Cruz worked at the Guam Department of Land Management as the Land Administrator. He is a first cousin to one of his codefendants, Thomas Anderson, a surveyor. With Cruz's assistance, Anderson succeeded in creating fictitious title to various unsurveyed plots of government land. Specifically, Cruz supplied Anderson with fraudulent lot numbers and fake "escaped assessment" tax records from the Department of Revenue and Taxation. An "escaped assessment" refers to a retroactive tax assessment for a particular lot which has escaped tax assessment in previous years. Cruz secured these escaped assessments from Vincent Cruz (no relation) of the Real Property Tax Branch of the Department of Revenue and Taxation. Thus, false tax records were created, and the new lots were assigned lot numbers. Anderson then paid taxes on the new lots, creating a chain of title from which he and his coconspirator Gill could profit.

A jury found Cruz guilty of (1) conspiracy to commit theft of real property belonging to the Territory of Guam in violation of 9 Guam Code Ann. §§ 13.30, 43.30(b); (2) two counts of attempted theft, in violation of 9 Guam Code Ann. §§ 13.10, 43.30(b); (3) three counts of tampering with public records, in violation of 9 Guam Code Ann. § 55.10; (4) conspiracy to tamper with records, in viola-

tion of 9 Guam Code Ann. §§ 13.30, 46.25; and (5) one count of official misconduct, in violation of 9 Guam Code Ann. § 49.90.

The trial court sentenced Cruz to a total of nine years of imprisonment: (1) five years of imprisonment for conspiracy to commit theft; (2) three concurrent years of imprisonment for each count of tampering with public records, to run consecutively to the five-year sentence imposed for conspiracy to commit theft; and (3) one year for official misconduct, to run consecutively to the other two sentences. Cruz was not sentenced for his conviction of conspiracy to tamper with records because the trial court noted that 9 Guam Code Ann. § 1.22 "prevents a final conviction for conspiracy where criminal objectives of that conspiracy are separately convicted upon."[1]

Cruz appealed his remaining convictions to the District Court of the Territory of Guam, Appellate Division, on the ground of insufficient evidence. Cruz timely appeals from the opinion of the District Court, Appellate Division, affirming his convictions. We conclude that the evidence was sufficient to support all the convictions.

■ Although Cruz argues that the sole issue appealed relates to whether the government sufficiently proved that the real property involved was owned by the government or any other third party, his analysis encompasses a challenge to the sufficiency of the evidence as a whole. When the sufficiency of the evidence to support a jury's verdict is challenged, we review the evidence in the light most favorable to the government to determine whether any rational trier of fact

---

1. Although the final judgment and sentence of the trial court is not included in the record on appeal, it appears the trial court also did not sentence Cruz for his attempted theft convictions. We note that 9 Guam Code Ann. § 1.22 provides that:

> When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
>
> .   .   .   .   .
>
> (b) one offense consists only of a conspiracy or other form of preparation to commit the other ...

Thus, presumably, the trial court was required to elect between sentencing Cruz for conspiracy to commit theft and attempted theft. Apparently the trial court elected to sentence Cruz for conspiracy to commit theft instead of attempted theft.

could have found the essential elements of the offense beyond a reasonable doubt. *United States v. Necoechea,* 986 F.2d 1273, 1281–82 (9th Cir.1993).

## II

### A. Conspiracy to Commit Theft of Real Property

Cruz challenges his conviction for conspiracy to commit theft of real property[2] on the sole ground that the government failed to prove an essential element of the crimes: that the real property involved was owned by the government or by a third party.

■ The Guam statute defining the offense of Theft of Property provides: "A person is guilty of theft if he unlawfully transfers immovable property *or any interest therein* with intent to deprive him thereof." 9 Guam Code Ann. § 43.30(b) (emphasis added). Thus the government only had to show that Guam had an interest in the real property involved, regardless of whether that interest was in fee simple or otherwise. *Guam v. Gill,* 61 F.3d 688 (9th Cir.1995). The testimony of Frank Castro, the Director of the Department of Land Management, sufficed for this purpose. Castro testified that the lots concerned were contained within the property which was transferred from the United States to the Territory of Guam in the 1950's. We conclude Castro's testimony was sufficient evidence for a rational trier of fact to conclude that Guam had an interest in the real property in issue.

### B. Tampering with Public Records

Cruz challenges his conviction of three counts of tampering with public records in violation of 9 Guam Code Ann. § 55.10 on the ground of insufficient evidence. He claims specifically that (1) the real property was insufficiently identified; (2) another person created the fictitious tax updates; and (3) he didn't know the tax updates were false because no legal title to the real property was

established, the real property was insufficiently identified, and he could not have falsified a document which did not already exist. We conclude that sufficient evidence supports Cruz's convictions for tampering with public records.

■ First, Cruz argues that the government failed to adduce sufficient evidence to permit the jury to conclude that he had caused Vincent Cruz, a Property Tax Technician in the Department of Revenue and Taxation, to create a tax update on the fictitious lots because both Vincent Cruz and Ray Blas, the Real Property Tax Administrator, failed to identify the lots. We reject this argument.

The three lots of real property involved were identified on the indictment as Lot 154A, Umatac; Agua, Merizo; and Gumoje, Merizo. It is true that Blas did not identify precisely for which lots Vincent Cruz asked permission to create "escaped assessments." But Vincent Cruz testified that he was summoned to Joseph Cruz's office on several occasions and asked to prepare "some tax statements" relating to "Umatac," "Gumoje" and "Agua." Anderson testified that he asked Cruz for "a tax area receipt" and "documents" for Lot 154A, Umatac, as well as "Lot 521 and 522 located in Merizo." After Anderson's request, an escaped assessment for Lot 154A, Umatac was apparently created by the Department of Revenue and Taxation. We conclude that Vincent Cruz's identification of the real property by name was sufficient where the indictment identified the Merizo lots only by name and where the testimony of Anderson supplemented the identification by Vincent Cruz.

Cruz next argues that the government adduced evidence tending to show that Ray Blas, not Joseph Cruz, caused Vincent Cruz to create tax updates on the properties in issue. We reject this argument. Vincent Cruz testified that Joseph Cruz asked him

---

**2.** Cruz also purports to challenge his convictions for attempted theft of real property and conspiracy to tamper with records. As discussed above, however, Cruz was never finally convicted of conspiracy to tamper with records. Furthermore, Cruz was apparently never finally convict-

ed of attempted theft: The record fails to indicate any sentence imposed for this offense. Thus we do not reach the merits of Cruz's challenge to the sufficiency of the evidence to support the jury's verdict on either of these charges.

"to make some tax statements" related to "Gumoje and Agua." He testified that he created the requested tax documents for the lots and delivered them to Cruz. Blas testified that he authorized Vincent Cruz to create the tax records because he believed Joseph Cruz had identified properties which had escaped tax assessment. We conclude that this permission by Blas could not insulate Cruz from liability as the moving force behind Vincent Cruz's creation of the false tax records.

Cruz further argues that the evidence was insufficient to show that he knew the tax updates were false and intended that they be received as genuine government records because (1) no title to the lots in question was ever established; (2) the superseding indictment referred to the lots by name, not number; and (3) "it is illogical to infer that [Cruz] falsified a record that did not already exist."

■ Cruz's argument that the government failed to prove title to the real property in issue is meritless, as discussed above. Furthermore, we conclude the evidence was sufficient for the jury to have found that Cruz falsified records by causing false records to be created. Tampering with public records includes "knowingly mak[ing] a false entry in, or false alteration of, any record ... belonging to ... or kept by ... the government." 9 Guam Code Ann. § 55.10(a)(1). Vincent Cruz testified that Cruz directed him to create tax records ostensibly curing an "escaped assessment." We conclude that the jury could have found the creation of a new tax record constituted making an entry in the tax records. When combined with other evidence tending to show that the tax records Cruz directed Vincent Cruz to create were false, we conclude the jury could have found that Cruz caused the relevant tax records to be altered falsely at Cruz's direction. Thus Cruz's "illogical" argument is equally meritless. Finally, Vincent Cruz asked Cruz for deeds or other documentation to support the creation of the retroactive tax records for each "escaped assessment." Each time Cruz told him to just use "Claimant" for the owner. We conclude that evidence of Cruz's failure to present any documentation to Vincent Cruz to support the creation of the

retroactive tax records was sufficient to permit the jury to conclude that Cruz understood the tax updates he was requesting to be false.

## C. Official Misconduct

Cruz challenges his conviction for official misconduct in violation of 9 Guam Code Ann. § 49.90 on the ground of insufficient evidence. We conclude that the government adduced sufficient evidence to sustain Cruz's conviction for this crime.

Cruz argues that his requests for two new lot numbers were authorized because the Director of the Department of Land Management, Frank Castro, testified that he had delegated his responsibilities to Cruz. He also argues that he never intended his acts to benefit himself or anyone else nor to harm anyone.

■ It is true that Frank Castro testified he delegated his responsibilities to Cruz. But universal principles of agency (and common sense) suggest that in delegating all the authority he had to Cruz, Castro could not have delegated any authority he did not have, namely any "authority" to commit crimes. Therefore, we conclude that any delegation of authority by Castro to Cruz did not authorize any and all acts thereafter committed by Cruz under the aegis of such delegated authority.

■ The government argues that the jury could have inferred Cruz's intent to benefit from his acts from the evidence of suspicious "loans" between Anderson and Cruz. But the Appellate Division concluded any evidence of benefit to Cruz was essentially vague. We agree with the Appellate Division, however, that the jury could have inferred Cruz's intent to harm the people of Guam by his use of his official capacity to create false title to government lands.

AFFIRMED.