122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
THE PEOPLE OF THE TERRITORY OF GUAM, Plaintiff-Appellee,
v.
ANTHONY AGUALO ULLOA, Defendant-Appellant,
 No. 96-10454.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 14, 1997*
Decided Aug. 19, 1997.
 
 Appeal from the United States District Court for the District of Guam John S. Unpingco,** Alfred T. Goodwin,*** Alex R. Munson,d Judges, Presiding
 Before: HUG, ALARCON, and TROTT, Circuit Judges.
 
 MEMORANDUMdd
 
 1
 Anthony Agualo Ulloa appeals from the affirmance of his conviction and sentence for robbery in the second degree by the Appellate Division of the District Court of Guam. Ulloa contends that reversal is compelled because the Government's conduct in failing to prevent him from committing a robbery was outrageous, and resulted in a violation of his right to due process of law. Ulloa also alleges that he is entitled to a reversal because prosecutorial misconduct prejudicially affected the jury's verdict. We affirm because we conclude that the Government's conduct was not outrageous. We do not reach the question whether the prosecutor's remarks to the jury constitute misconduct because that issue was not presented to the Appellate Division of the District Court of Guam.
 
 
 2
 * Ulloa contends that the conduct of the Government in permitting the robbery to occur was so outrageous that it violated his right to due process of law. Specifically, Ulloa alleges that "the Guam Police Department, clearly believing the end justifies the means, facilitated, if not entirely created the commission of the robbery on the Machche [sic] Mart and in so doing risked the safety and indeed the lives of Ulloa as well as an innocent family of five [the victims]." Appellant's Brief at 15. We review de novo an appellant's claim that his or her due process rights have been violated. United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991).
 
 
 3
 A brief recitation of the facts in this case is necessary in order to assess Ulloa's outrageous government conduct claim. Thomas Leon Guerrero met Ulloa in December 1990 prior to becoming a government informant. By the beginning of 1991, Ulloa had become a "very close friend." He saw Guerrero three times a week. On April 15, 1991, Ulloa brought a .22 caliber Smith & Weston pistol to Guerrero's ranch. Ulloa asked Guerrero to hide the gun.
 
 
 4
 The next day, Guerrero informed the Guam Police Department that Ulloa had left a gun at his house. The police went to Guerrero's residence and photographed the gun in its hiding place. The police also removed live ammunition from the gun and replaced it with blanks. Three days later, the police returned to Guerrero's ranch to take the gun into police custody. At that time, the police modified the firing mechanism so that consecutive rounds could not be fired.
 
 
 5
 On May 4, 1991, at approximately 7:00 p.m., Ulloa called Guerrero at his home to inquire if he still had the weapon. Ulloa asked Guerrero if he would commit a robbery with him later that evening. Ulloa did not disclose the target of the robbery. Guerrero informed the police of Ulloa's plan. The police immediately returned the modified gun, loaded with blanks, to the place where Ulloa had hidden it.
 
 
 6
 The police then placed Guerrero's ranch under surveillance. At approximately 9:00 p.m., they observed Ulloa driving up to Guerrero's ranch. Once inside, Ulloa asked Guerrero to lend him clothing so he could cover up his tattoos. Before leaving the ranch, Ulloa informed Guerrero that Ulloa would use the weapon during the robbery. Guerrero and Ulloa left the house in a car that Ulloa had borrowed from his sister earlier in the day. Guerrero drove the car while Ulloa, whose face and tattoos were covered with camouflage clothing, reclined in the passenger seat. Guerrero and Ulloa were followed by four or five police surveillance teams in undercover cars. The officers had no idea of the location of the person or persons Ulloa intended to rob.
 
 
 7
 Ulloa directed Guerrero to drive to the Macheche Mart in Dededo, Guam. As they pulled up to the store Ulloa demanded the gun. After they got out of the car, Guerrero persuaded Ulloa to wait outside the store for approximately fifteen minutes until all the customers had left. Ulloa and Guerrero entered the store at approximately 9:45 p.m. Police cars immediately surrounded the store and blocked Ulloa's car.
 
 
 8
 Inside the store, Ulloa pointed the gun at Maria Unsay, Maribeth Unsay, and Gualberto Unsay. One of the women gave Guerrero cash from the register. When Ulloa and Guerrero ran outside from the market, they were immediately arrested by the police.
 
 
 9
 Government conduct runs afoul of a defendant's due process rights when it is "so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. Barrera-Moreno, 951 F.2d 1089, 1092 (9th Cir.1991), cert. denied, 506 U.S. 957 (1992), and cert. denied, 506 U.S. 1055 (1993) (citation omitted). Conduct by Government agents reaches a constitutionally unacceptable level when the agents use physical or psychological coercion against the defendant, or when the agents engineer and direct the criminal enterprise from start to finish. United States v. Emmert, 829 F.2d 805, 811-12 (9th Cir.1987). The generation of new crimes solely for the sake of pressing charges against the defendant also amounts to outrageous government conduct. Id. at 812.
 
 
 10
 Ulloa's contention that Government agents engineered, directed, or facilitated the robbery of the Macheche Mart lacks merit. Ulloa initiated the criminal activity by requesting Guerrero's help in committing the robbery. Ulloa then obtained a car to use for the robbery, demanded that they carry the gun, and suggested disguises. Ulloa directed Guerrero to the location of the market. Ulloa also had the gun in his possession during the commission of the crime.
 
 
 11
 Ulloa also asserts that the Government's conduct was outrageous because the officers elected not to stop the robbery, thereby risking his safety and that of the victims. Ulloa reasons that the police had probable cause to arrest Ulloa before the robbery actually occurred, but chose instead to allow Ulloa to proceed so that they could later obtain a sentence enhancement for commission of a robbery with a deadly weapon. This argument is unpersuasive. Ulloa enjoys no due process right to have the police stop him from committing a crime, or to prevent him from having a deadly weapon in his possession. As the Supreme Court has stated:
 
 
 12
 There is no constitutional right to be arrested. The police are not required to guess at their peril the precise moment at which they have probable cause to arrest a suspect, risking a violation of the Fourth Amendment if they act too soon, and a violation of the Sixth Amendment if they wait too long. Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum quantum of evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction.
 
 
 13
 Hoffa v. United States, 385 U.S. 293, 310 (1966). The decision not to arrest Ulloa until the robbery was completed does not demonstrate that the Government was guilty of outrageous conduct.
 
 II
 
 14
 Ulloa also contends that his sentence should be set aside because a deadly weapon was furnished to him by the police so that he would receive an enhanced sentence. He further maintains that the prosecutor committed misconduct in his closing remarks to the jury. Neither of these issues was raised before the Appellate Division of the District Court of Guam.
 
 
 15
 Issues not presented to the Appellate Division of the District Court of Guam are deemed waived unless "enforcement of the 'waiver rule' would result in a manifest injustice." People of the Territory of Guam v. Gill, 61 F.3d 688, 695 (9th Cir.1995). Ulloa has failed to demonstrate enforcement of the waiver rule would result in manifest injustice. As discussed above, Ulloa has failed to make a showing of outrageous government conduct in this case. The evidence of guilt presented to the jury was overwhelming. The robbery was observed by a team of law enforcement officers. Ulloann has not carried his burden of persuading this court that the prosecutor's remarks affected the jury's determination that he was guilty. Accordingly, we decline to reach these issues.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable John S. Unpingco, Chief Judge, United States District Court of Guam
 
 
 **
 * Honorable Alfred T. Goodwin, United States Senior Circuit Judge, for the Ninth Circuit, sitting by designation
 
 
 d
 Honorable Alex R. Munson, Chief Judge, United States District Court for the Northern Mariana Islands, sitting by designation
 dd This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.