129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
he PEOPLE of the Territory of Guam, Plaintiff-Appellee,
v.
Francis L. GILL, Defendant-Appellant.
 Nos. 97-10187, 97-15258.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Filed Nov. 6, 1997.
 
 Appeal from the United States District Court for the District of Guam, D.C. No. CR-96-00056-JSU; John S. Unpingco, District Judge, Presiding.
 Before REINHARDT, LEAVY and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Francis L. Gill appeals the Appellate Division of the District Court of Guam's denial of his motion to vacate an illegal sentence. After careful review of the briefs and the record, we affirm. Because the parties are familiar with the factual and procedural history of the case, we need not detail it here.
 
 
 3
 The Appellate Division correctly concluded that Gill's claim was not properly brought as a challenge to an "illegal sentence" pursuant to 8 G.C.A. § 120.46. An illegal sentence is one not authorized by the judgment of conviction, in excess of the permissible statutory penalty for the crime, or in violation of the Constitution. United States v. Johnson, 988 F.2d 941, 943 (9th Cir.1993). Although characterized as a challenge to the legality of his sentence, Gill's claims are actually renewed objections to his conviction. A motion to correct an illegal sentence presupposes a valid conviction; it cannot be used as a vehicle to assail the underlying conviction. See Migdol v. United States, 298 F.2d 513, 514 (9th Cir.1961). Moreover, we have previously rejected Gill's challenge to his conviction on direct appeal. Guam v. Gill, 61 F.3d 688 (9th Cir.1995). Gill's claim also fails on the merits. He argues that because the jury did not specify the dollar amount at issue as required by statute, he was illegally convicted of a Second Degree Felony. However, the jury made an express finding of degrees in their verdicts, and merely neglected to recite a finding of the amount of the attempted theft. This omission is not sufficient to render the conviction, and therefore the sentence, illegal. See People v. Savala, 2 Cal.App.3d 415, 418-19, 82 Cal.Rptr. 647, 648 (1969). Thus, the Appellate Division properly rejected his argument as improper.
 
 
 4
 Judge Unpingco, as the presiding judge of the Appellate Division, acted within his discretion when he ordered the Superior Court to terminate Gill's release pursuant to 8 G.S.A. § 130.70. The Guam Revised Organic Act of 1950, § 1424-3 grants the presiding judge the authority to make any appropriate orders concerning an appeal prior to hearing and determination on the merits.
 
 AFFIRMED
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3