**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Leon D. JOHNSON, Defendant–Appellant.**

No. 00–10403.

D.C. No. CR–99–00351–RCB.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001.*

Decided Nov. 16, 2001.

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

MEMORANDUM **

Leon Don Johnson appeals his conviction after a jury trial on various charges arising out of his molestation of his step-daughter, D.J. *See* 18 U.S.C. §§ 2241–2243. We affirm.

(1) Johnson complains that a good deal of evidence of sexual and other acts not specifically charged in the indictment (mostly directed at D.J.) was admitted against him. The evidence was not properly objected to at trial,[1] so we review for

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Some evidence was not objected to at all, and other evidence was objected to on other grounds or just generally. *See United States*

plain error. *See United States v. Crawford,* 239 F.3d 1086, 1090 (9th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 393, 151 L.Ed.2d 298 (2001); *Guam v. Gill,* 61 F.3d 688, 693 (9th Cir.1995); *see also United States v. Bahe,* 201 F.3d 1124, 1127 (9th Cir.2000), *cert. denied,* 531 U.S. 1027, 121 S.Ct. 601, 148 L.Ed.2d 514 (2000). Johnson's attack depends on his claim that the evidence in question was other bad act evidence, which could be admitted only under Fed.R.Evid. 404(b) or Fed.R.Evid. 414–415, if at all. We do not agree.

■ Much of the evidence of Johnson's nine year molestation of D.J., several times a week starting when she was five years old, was surely intertwined with and necessary to explain D.J.'s testimony regarding what amounted to a continuing course of closely linked conduct by Johnson. *See United States v. Vizcarra–Martinez,* 66 F.3d 1006, 1012–13 (9th Cir.1995); *United States v. Williams,* 989 F.2d 1061, 1070 (9th Cir.1993); *United States v. Mundi,* 892 F.2d 817, 820 (9th Cir.1989). It also answered the inevitable question of how Johnson could have committed the charged offenses without detection by D.J.'s mother, D.J.'s sister, S.J., who was around a good part of the time, or somebody else. It showed that Johnson lied to an impressionable young child after abusing her, threatened to harm her, beat her when she did not submit, and bribed S.J. to remain quiet. *See United States v. Tsinnijinnie,* 91 F.3d 1285, 1289 (9th Cir. 1996) (prior abuse); *United States v. Collins,* 90 F.3d 1420, 1428 (9th Cir.1996) (inducing a witness to lie). Moreover, some of the evidence was simply outright admissions by Johnson that he had molested D.J., rather than being other act evidence at all.

But even if some of the evidence could only be admitted pursuant to Fed.R.Evid. 404(b), 413 or 414 it was, clearly, encompassed within the purpose and meaning of those rules for the reasons we have already noted, mutatis mutandis. The only real complaint Johnson could then have is that the district court erred when it failed to perform a Fed.R.Evid. 403 balancing on the record. *See Doe ex rel. Rudy–Glanzer v. Glanzer,* 232 F.3d 1258, 1268 (9th Cir. 2000); *United States v. Milner,* 962 F.2d 908, 912 (9th Cir.1992); *United States v. Hadley,* 918 F.2d 848, 852 (9th Cir.1990); *see also Huddleston v. United States,* 485 U.S. 681, 691–92, 108 S.Ct. 1496, 1502, 99 L.Ed.2d 771 (1988). Assuming, without deciding, that not performing balancing on the record is error even when there is no objection, on the facts of this case it cannot be said that the error was "'clear' or, equivalently, 'obvious.'" *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993). And even if it were, it did not affect any substantial right of Johnson. *See id.* at 734, 113 S.Ct. at 1777–78; *see also Bahe,* 201 F.3d at 1127. On the contrary, the evidence was highly relevant, and while undeniably prejudicial, not unfairly so. *See United States v. LeMay,* 260 F.3d 1018, 1026, 1027–28 (9th Cir.2001). This certainly is not a case where Johnson was actually innocent or where any slight error[2] "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Olano,* 507 U.S. at 736 113 S.Ct. at 1779. Rather, it is a case where reversal would have that effect.[3] *See Johnson v. United*

---

*v. Pino–Noriega,* 189 F.3d 1089, 1097 (9th Cir.1999); *see also United States v. Wills,* 88 F.3d 704, 718 (9th Cir.1996).

**2.** One piece of evidence, for example, about an "evil bundle" with a feather in it was essentially irrelevant, but also exceedingly remote and beside the point.

**3.** By the same token, Rule 414 is not unconstitutional as applied. Nor is it unconstitu-

*States*, 520 U.S. 461, 470, 117 S.Ct. 1544, 1550, 137 L.Ed.2d 718 (1997).

(2) The government's notice that it would seek admission of evidence of bad acts detailed in certain reports, which had been given to Johnson, was sufficient to satisfy the requirements of Fed.R.Evid. 404(b), 413(b) and 414(b). *See United States v. Erickson*, 75 F.3d 470, 478 (9th Cir.1996); *United States v. VonWillie*, 59 F.3d 922, 928–29 (9th Cir.1995).

■ (3) Johnson finally complains that the prosecutor was guilty of improperly vouching for D.J.'s credibility. We disagree. The government did not offer personal assurances of D.J.'s veracity or suggest that it had evidence which would do so, but which was not submitted to the jury. *See United States v. Necoechea*, 986 F.2d 1273, 1276, 1278 (9th Cir.1993). Rather, Johnson had implied that there was something negligent or improper in the failure to question others for the purpose of checking out parts of D.J.'s story, and also that a witness may not have believed D.J. The government merely responded to that. *See United States v. Croft*, 124 F.3d 1109, 1120 (9th Cir.1997). At any rate, even if there was some slight tinge of vouching, there was no plain error.[4] *See United States v. Parker*, 241 F.3d 1114, 1119–20 (9th Cir.2001).

AFFIRMED.

---

tional on its face. *See LeMay*, 260 F.3d at 1030–31.

4. Johnson lists cumulative error as an issue on appeal, but taken as a whole there was no accumulated error sufficient to call for a reversal. *See Necoechea*, 986 F.2d at 1282–83; *United States v. Berry*, 627 F.2d 193, 200–01 (9th Cir.1980).